UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO.  8:14-cr-366-SDM-AEP
                                                                  8:18-cv-2657-SDM-AEP

OCTAVIUS R. HENDERSON
_____

**ORDER**

Octavius R. Henderson moves under 28 U.S.C. § 2255 to vacate his conviction and sentence for conspiracy to possess with intent to distribute five or more kilograms of cocaine, for which he is imprisoned for 240 months. Both the conviction and the sentence are in accord with his plea agreement. Henderson claims he received ineffective assistance of counsel, but he is entitled to no relief because his claims are waived by his guilty plea and lack merit.

**I. BACKGROUND**

Henderson was charged with conspiracy to possess with intent to distribute five or more kilograms of cocaine (Count One) and possession with the intent to distribute 500 grams or more of cocaine (Count Two). The United States filed an Information and Notice of Prior Convictions, detailing Henderson's state felony drug convictions. The notice explained that under 21 U.S.C. § 841(b)(1)(A) and (B) Henderson faced a minimum sentence of 20 years if convicted of Count One and a minimum sentence of 10 years if convicted of Count Two. (Crim. Doc. 42)

Under a plea agreement Henderson pleaded guilty to Count One. He was sentenced to 240 months. Henderson appealed. After an "independent examination of the entire record" revealed no arguable issues of merit, his conviction and sentence were affirmed. *United States v. Henderson*, 706 F. App'x 633 (11th Cir. 2017).

Henderson now moves to vacate his conviction and sentence by raising five grounds of ineffective assistance of counsel.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

"[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). As *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains, *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an

ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Henderson must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691–92. To meet this burden, Henderson must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on

investigation." 466 U.S. at 690–91. Henderson cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992); *accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)); s*ee also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

### III.  GROUND ONE

Henderson claims that counsel was ineffective for not objecting to "contradictory, unreliable statements" from cooperating defendants, as contained in the criminal complaint, that were uttered before the charged conspiracy. (Civ. Doc. 1 at 15)

Henderson waived this claim when he pleaded guilty. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), holds that a guilty plea waives a non-jurisdictional challenge to the constitutionality of the conviction:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal

>   defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction. "[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). *See also United States v. Patti*, 337 F.3d 1217, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings."). "A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction[.]" *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992).

Henderson acknowledged this waiver while under oath at the plea hearing (Crim. Doc. 96 at 26):

>   THE COURT: [I]f you have any objections as to how the charges were brought against you or as to how the evidence was gathered in the case, you are waiving any objections to those matters by entering a plea of guilt.
>
>   Do you understand that?
>
>   [HENDERSON]: Yes, sir.

Henderson offers no argument or evidence to disavow his sworn statements at the plea hearing. *See United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.").

Also, this claim lacks merit because the criminal complaint was superseded by the grand jury indictment. (Crim. Docs. 1 and 19.) *See United States v. Mostafa Hussaini*, No. 19-60387, 2022 WL 138474, at *6 n.3 (S.D. Fla. Jan. 14, 2022) (explaining that, when ruling on a motion to dismiss an indictment, courts "shouldn't consider the Complaint or the Affidavit because those documents [have] been superseded by the Indictment"). Counsel is not ineffective for not asserting a meritless challenge to the criminal complaint that was superseded by the grand jury indictment. *Brewster v. Hetzel*, 913 F.3d 1042, 1056 (11th Cir. 2019) ("Defense counsel . . . need not make meritless motions or lodge futile objections."); *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise non-meritorious issues does not constitute ineffective assistance.").

## IV.  GROUNDS TWO and THREE

Henderson asserts related claims in Grounds Two and Three. He claims that counsel failed to explain the elements of conspiracy in a way he could understand. He asserts that he "should have had a mental health expert to help prepare for his defense" because he suffers from unspecified "mental illnesses and conditions" that impair his cognition. He claims he would not have pleaded guilty if he understood the conspiracy elements. (Civ. Doc. 1 at 17) Also, he claims that counsel failed to advise him that he could plead guilty to the possession charge and proceed to trial on the conspiracy charge. (*Id.* at 16) These claims are based on a pre-plea event—not adequately explaining the conspiracy elements—and, as a consequence, are waived by Henderson's guilty plea.

- 6 -

Also, these claims lack merit. Henderson cannot demonstrate he was prejudiced by counsel's alleged failure to explain adequately the conspiracy elements because those elements were explained to him during the plea hearing (Crim. Doc. 96 at 26–27):

> THE COURT: . . . Let me explain to you . . . what the government would have to prove beyond a reasonable doubt in order to establish your guilt for Count One of the indictment. Those elements are outlined for you in paragraphs A3 and A4 of the plea agreement starting on page two. The essential elements for Count One include:
>
> . . . [F]irst, that two or more persons in some way or manner agreed to accomplish a common or unlawful plan as charged in the indictment. The plan, as charged in the indictment, is to possess with intent to distribute a quantity of cocaine;
>
> Second, that you, knowing the unlawful purpose of the plan, willfully joined in it.
>
> Additionally, in order for the mandatory minimum sentence of 20 years, as well as the maximum sentence of life, to be applicable as to Count One, the United States would also have to establish beyond a reasonable doubt that the agreement to possess with intent to distribute a quantity of cocaine involved a quantity of five or more kilograms of cocaine.
>
> Having stated that, do you feel you understand what the government would have to prove beyond a reasonable doubt in order to establish your guilt as charged in Count One?
>
> [HENDERSON]: Yes, Sir.
>
> THE COURT: Any questions about any of those elements?
>
> [HENDERSON]: No, sir.

"[T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn

declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). *See also United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the [plea] colloquy are true."). "[T]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74. Other than conclusory assertions, Henderson offers no argument or evidence to disavow his affirmations under oath that he understood the conspiracy elements.

Also, Henderson provides no support for his claim that he suffers from a mental illness or condition that impairs his cognition. During the plea hearing Henderson acknowledged he was thinking clearly and that he understood the purpose of the hearing. Counsel had no concerns about Henderson's competency, and the magistrate judge noted that "based upon Mr. Henderson's responses to my questions, as well as his demeanor, . . . he's fully competent to enter a plea of guilt." (Crim. Doc. 96 at 5–6) Henderson advised the U.S. Probation Office "that he has no problems with either his mental or emotional health and that he has never received treatment[,]" that he can read and write English, and that he attended school until the 9th grade. (Crim. Doc. 82 at ¶¶ 91, 97, 99)

Henderson fails to establish that counsel was ineffective for not having him psychologically evaluated to determine his mental competency. *See Alexander v. Dugger*, 841 F.2d 371, 375 (11th Cir. 1998) ("In order to demonstrate prejudice from his lawyer's failure to have him evaluated, [the movant] has to show that there was

at least a reasonable probability that a psychological evaluation would have revealed that he was incompetent to stand trial."). Other than Henderson's conclusory assertions about an unspecified mental illness, nothing in the record shows a reasonable probability that he was incompetent. Consequently, Henderson establishes neither that counsel's explanation of the conspiracy elements was deficient nor that there is a reasonable probability that but for counsel's performance he would not have pleaded guilty to the conspiracy charge and would have proceeded to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## V. GROUND FOUR

Henderson claims that counsel was ineffective for not objecting to the 21 U.S.C. § 841 sentencing enhancement. He argues that his prior drug convictions are not felonies. This non-jurisdictional claim was waived by his knowing and voluntary guilty plea. *See United States v. DiFalco*, 837 F.3d 1207, 1219 (11th Cir. 2016) (ruling that the notice requirement of 21 U.S.C. § 851 is not jurisdictional).

Also, the claim lacks merit. Title 21 U.S.C. § 802(44) (2014) defines "felony drug offense" as a drug offense punishable by imprisonment for more than one year. As a basis for the Section 851 enhancement, the Information and Notice of Prior Convictions lists both Henderson's 2004 conviction for possession of marijuana and his 2009 conviction for possession of cocaine. Both of these prior drug convictions qualify as third-degree felony convictions punishable by imprisonment not exceeding five years. (Civ. Doc. 6-1 at 9 and 6-2 at 2–3) Counsel is not ineffective for not asserting a meritless challenge the Section 851 enhancement.

## VI.  GROUND FIVE

Henderson's final claim, that counsel was ineffective for not challenging the drug quantity calculation, was waived by his guilty plea and lacks merit.  Adopted at the hearing, the factual basis of Henderson's plea agreement establishes that the conspiracy involved no less than 50 kilograms of cocaine.  (Crim. Doc. 49 at 18)  During the plea hearing Henderson agreed that he and his codefendant acquired and distributed no less than 50 kilograms of cocaine.  (Crim. Doc. 96 at 28–29)  Henderson fails to explain how counsel was ineffective in not challenging the drug quantity calculation.  His vague and conclusory assertions are insufficient to establish ineffective assistance of counsel.  *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that conclusory statements, unsupported by specific facts or the record, are insufficient to state a claim for ineffective assistance of counsel).

Henderson's motion under Section 2255 to vacate, set aside, or correct his sentence is **DENIED**.  The clerk is directed to enter a judgment against Henderson, close this case, and enter a copy of this order in 8:14-cr-366-SDM-AEP.

## CERTIFICATE OF APPEALABILITY<br>AND LEAVE TO APPEAL IN FORMA PAUPERIS

Henderson is not entitled to a certificate of appealability ("COA").  A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a

certificate of appealability, Henderson must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Henderson is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Henderson must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on February 15th, 2022.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE